

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2006

# Potter v. State of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2777

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Potter v. State of NJ" (2006). *2006 Decisions*. Paper 1273.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1273

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2777
_____

ERIC POTTER,

Appellant

v.

STATE OF NEW JERSEY
_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 03-cv-005940)
District Judge: Honorable Garrett E. Brown Jr.
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2006

BEFORE: SLOVITER, McKEE and FISHER, <u>CIRCUIT JUDGES</u>

(Filed:  April 12, 2006)

_____

OPINION
_____

PER CURIAM

In December 2003, Appellant, Eric Potter, the defendant in a pending New Jersey

criminal case, filed a complaint in District Court seeking relief from the state appellate

courts' denial of leave to file an interlocutory appeal with respect to the trial court's

denial of Potter's suppression motion. On July 12, 2004, the District Court granted IFP

and dismissed the complaint <u>sua</u> <u>sponte</u>, concluding that it did not have subject matter

jurisdiction over the pending state criminal charges. The District Court denied Potter's

untimely reconsideration motion on November 16, 2004. Potter appealed. We dismissed

the appeal as untimely, <u>see</u> <u>Potter v. State of New Jersey</u>, C.A. No. 04-4741 (3d Cir. April

11, 2005), and denied Potter's petition for rehearing on April 21, 2005.

Meanwhile, on December 6, 2004, Potter filed in District Court a document

entitled "Notice of Motion to Appeal a District Court Decision," that contained several

motions. The District Court construed the entire filing as a post-judgment motion and

denied the motion on April 28, 2005. Potter appealed.[1] On July 26, 2005, the appeal was

procedurally terminated for failure to pay fees. Potter has filed a motion to re-open the

appeal.

I.

First, we turn to Potter's motion to re-open the appeal. Potter claims that he has

paid the appellate filing and docketing fee in full. The record indicates that Potter paid

the remainder of the fee (five dollars) in September 2005. Upon good cause shown, the

motion to re-open is granted. <u>See</u> L.A.R. 107.2(a).

---

[1] Potter's appeal is timely filed. Potter had thirty days, or until May 28, 2005, to file a timely appeal from the order denying post-judgment relief. He submitted a document to this Court entitled "petition for writ of mandamus," which the Clerk forwarded to the District Court on May 27, 2005, to be treated as a notice of appeal. The District Court docketed the notice of appeal as having been filed on May 26, 2005, two days before the deadline.

2

II.

We have jurisdiction to consider this appeal under 28 U.S.C. §§ 1291. We review the District Court's denial of Potter's post-judgment motion for abuse of discretion. See Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 653 (3d Cir. 1998). In February 2006, the parties were notified that the Court sua sponte may take summary action on the appeal if it appears that no substantial question is presented or that subsequent precedent or change in circumstances warrants such action. See Third Circuit LAR 27.4 and I.O.P. 10.6. Potter has responded and the matter is ready for disposition. We will summarily affirm.

When Potter filed the original complaint, his criminal case was still pending in state court and he had not been incarcerated. By the time Potter filed his post-judgment "motion to appeal," in December 2004, however, he had been convicted and sentenced. He argued that his incarceration gave the District Court jurisdiction to consider the constitutional claims he had raised in the Rule 59(e) motion filed in August 2004. The District Court did not abuse its discretion in ruling that Potter failed to demonstrate any basis for granting post-judgment relief. First, the District Court lacked subject matter jurisdiction over the appeal of a state court conviction. Moreover, the District Court properly would have declined to treat Potter's motion as seeking § 2254 habeas relief, because he had not exhausted available state court remedies through direct appeal or application for post-conviction relief.

Accordingly, because no substantial question is presented by this appeal, we will

3

summarily affirm the order of the District Court.